J. P. Watson *v.* A. Ledoux et al.

A front proprietor on the river cannot be held bound to make reparation for the consequences of an accident, unless he was in fault when it occurred.

The Act of 1829, relative to Roads and Levees, so far as the Parish of Pointe Coupée is concerned, was repealed by the Act of 8th February, 1831.

In cases of flood, as in those of conflagration, the rule is, that services rendered voluntarily to preserve another man's property from destruction, are presumed to be gratuitous.

APPEAL from the Second District Court of New Orleans, *Lea,* J. *Durant* and *Hornor,* for plaintiff and appellant. *Elmore & King,* for defendants.

Plaintiff's counsel contended that as the work was necessary and useful to defendants, they were entitled to recover, and cited : Code, 2278 ; *O'Reilly* v. *McLeod,* 2 A., 147 ; *Police Jury* v. *Hampton,* 5 N. S., 389.

Defendants' counsel cited : *McWilliams* v. *Hagan,* 4 Rob., 375 ; *Bartholomew* v. *Jackson,* 20 Johns., 28 ; *Rennselaer Glass Factory* v. *Reid,* 5 Cowen, 587, 603, 620 ; *Munford* v. *Brown,* 6 Cowen, 475.

Rost, J. This case was remanded by us with directions to the District Judge to overrule the exception taken by the defendant, that the petition discloses no cause of action, and to proceed on the trial of the case.

An answer has since been filed and upon a trial on the merits, judgment has been rendered against the plaintiff, who prosecutes this appeal.

The District Judge has correctly interpreted the former opinion of the Court. We remanded the case because we thought that under the allegations of the petition evidence might be introduced under which the defendant would be liable, but we never meant to say that a front proprietor on the river is liable absolutely in all cases for the entire cost of stopping a crevasse upon his land. There is no law to make him so, and on principle, he cannot be held bound to make reparation for the consequences of an accident, unless he was in fault when it occurred.

The Act of 1829, relative to roads and levees, established a partial liability in such cases, and made the owner responsible for the labor furnished on the requisition of the levee inspectors to work upon crevasses, but that Act was repealed for the Parish of Pointe Coupee by the Act of the 8th February, 1831, and the power to legislate upon the subject of levees delegated to the Police Jury of that parish.

The Police Jury have exercised that power, and the ordinance adopted by them provides that planters furnishing hands to work upon crevasses, shall be entitled to no compensation therefor. The case of *O'Reilly* v. *McLeod* occurred on Bayou Lafourche, where the Act of 1829 is still in force ; besides the defendant in that case was in fault. In the case of the *Police Jury* v. *Hampton* also, the defendant was in fault. See 2d Ann., p. 146 ; 5 N. S., 389.

The evidence shows that the levee of the defendants was in a good state of repair and no fault can be imputed to them. The accident was the result of *force majeure* exclusively, and in cases of flood, as in those of conflagration, we take the rule to be, that services rendered voluntarily to preserve another man's property from destruction, are presumed to be gratuitous and give no cause of action.

We do not think there is in the record sufficient evidence of an obligation on the part of the defendants to pay the sum claimed. The judgment must, therefore, be affirmed.

Judgment affirmed with costs.